UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT
NEW HAVEN DIVISION

| | |
|---|---|
| GEORGE I. ROUMELIOTIS, CHAPTER 7 TRUSTEE FOR THE NASH ENGINEERING COMPANY,<br><br>Plaintiff,<br><br>v.<br><br>MARK H. NORDENSON, EILEEN MAGUIRE, AND JOHN A. BLY,<br><br>Defendants. | CIVIL ACTION NO. 23-CV-01366-JCH |
| GEORGE I. ROUMELIOTIS, CHAPTER 7 TRUSTEE FOR THE NASH ENGINEERING COMPANY,<br><br>Plaintiff,<br><br>v.<br><br>NASH ENGINEERING HOLDINGS LLC, *et al.*<br><br>Defendants. | CIVIL ACTION NO. 24-CV-00640-JCH<br>(Consolidated for Discovery Purposes)<br><br><br>August 23, 2024 |

## JOINT STATUS REPORT REGARDING DISCOVERY

Pursuant to the Court's Orders entered on July 31, 2024 in the above-referenced proceedings (ECF Nos. 34 and 44), the parties hereby jointly provide the Court with a status report of preliminary discovery efforts thus far, and proposed next steps concerning discovery.

**Summary of Current Discovery Status**

1. Pursuant to the Court's Orders entered on May 22, 2024, the Court required informal discovery production to be completed by July 29, 2024. On June 4, 2024, the defendants produced documents consisting of a ledger (the "Ledger") and supporting documents concerning approximately $52 million of the Transfers, and identifying transfer dates, transfer amounts,

-1-

transfer recipients, and their type of stock (the "Transfer Information"). The defendants requested additional time to produce remaining responsive documents, which were in the possession of third parties including trustees of various trusts. The defendants expect to produce on or before August 30, 2024 the remaining documents requested through informal discovery. Such documents may assist the Plaintiff in ascertaining what additional parties, if any, will need to be added as defendants to Case No. 24-00640.

**Summary of Pending Discovery Matters**

1. **Insurance Policies**. Documents and/or information concerning distributions made on NEH life insurance policies including (i) whether such policies were transferred by TNEC to NEH, (ii) if such policies were purchased by NEH, the source of the funds used to purchase them; and (iii) any remaining unliquidated life insurance policies.

    a. **Status**: Defendants are presently investigating this issue. To the extent the parties are unable to reach a resolution, they will request the Court's assistance.

2. **Request No. 1 / Interrogatory No. 1**: Documents and/or information concerning the disposition of approximately $7 million of transfers from TNEC to NEH that were not distributed to NEH members according to the Ledger.

    a. **Status:** Defendants are presently investigating this issue. To the extent the parties are unable to reach a resolution, they will request the Court's assistance.

3. **Request No. 3 / Interrogatory No. 3**: Documents and/or information concerning further distributions of the Transfers made by Individuals.

    a. **Status**: The Defendants have requested certain information from Individuals concerning subsequent transfers. The parties may need the Court's assistance to resolve remaining disputes and/or objections once Defendants' production is complete.

4. **Request No. 4 / Interrogatory No. 4**: Documents and/or information concerning all categories of information requested for Decedents, except for date of death and Transfer Information.

    a. **Status:** Defendants continue to investigate documents and/or information responsive to certain categories of this Request, and have asserted objections as to other categories. The parties may need the Court's assistance to resolve remaining disputes and/or objections once Defendants' production is complete.

5. **Request No. 5 / Interrogatory No. 5**: Documents and/or information concerning all categories of information requested for Custodians, except for addresses of wards and Transfer Information.

    a. **Status:** Defendants continue to investigate documents and/or information responsive to certain categories of this Request, and have asserted objections as to other categories. The parties may need the Court's assistance to resolve remaining disputes and/or objections once Defendants' production is complete.

6. **Request No. 6 / Interrogatory No. 6**: Documents and/or information concerning all categories of information requested for Terminated Trusts, except for Transfer Information.

    a. **Status:** Defendants continue to investigate documents and/or information responsive to certain categories of this Request, and have asserted objections as to other categories. The parties may need the Court's assistance to resolve remaining disputes and/or objections once Defendants' production is complete.

7. **Request No. 7 / Interrogatory No. 7**: Documents and/or information concerning all categories of information requested for Active Trusts, except for Transfer Information.

a. **<u>Status:</u>** Defendants continue to investigate documents and/or information responsive to certain categories of this Request, and have asserted objections as to other categories. The parties may need the Court's assistance to resolve remaining disputes and/or objections once Defendants' production is complete.

**<u>Proposed Next Steps</u>**

The parties continue to work cooperatively to narrow areas of potential dispute. The Plaintiff anticipates that some or all of the pending discovery items may be addressed through the Defendants' anticipated supplemental production expected to occur on or before August 30, 2024. The parties have also scheduled a planning conference to be held on August 28, 2024 for the purpose of establishing discovery deadlines and matters set forth under Fed. R. Civ. P. 26(f), and expect to file a joint report within 14 days following such conference. The parties expect to be in a position to issue a further report to the Court on any outstanding preliminary discovery matters, and/or appear for a status conference after September 18, 2024.

| GEORGE I. ROUMELIOTIS, CHAPTER 7 TRUSTEE | NASH ENGINEERING HOLDINGS LLC, ET AL. |
|---|---|
| By his counsel, | By their counsel, |
|   /s/ *Taruna Garg*<br>Taruna Garg, Esq. (ct28652)<br>Michael P. Connolly, Esq. (*phv admitted*)<br>Murtha Cullina LLP<br>107 Elm Street<br>Stamford, CT 06902<br>Telephone: (203) 653-5400<br>tgarg@murthalaw.com<br>mconnolly@murthalaw.com |   /s/ *Brian Palmeri*<br>Brian J. Palmeri, Esq. (CT 27587)<br>Meghan K. Daley, Esq. (CT 30139)<br>Winget, Spadafora & Schwartzberg, LLP<br>201 Broad Street, 10th Floor<br>Stamford, CT 06901<br>Tel.: (203) 328-1200<br>palmeri.b@wssllp.com<br>daley.m@wssllp.com |